UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE CAVALLO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN ZURICH INSURANCE COMPANY,<br><br>    Defendant. | CIVIL ACTION NO. 1:19-cv-10245 |

**STIPULATED AGREEMENT AND PROTECTIVE
ORDER FOR CONFIDENTIALITY OF INFORMATION**

By and through their counsel of record in the above-captioned matter (the "Action"), The Cavallo Corporation and American Zurich Insurance Company (individually, a "Party", and collectively, the "Parties") hereby stipulate and agree to the following Stipulated Agreement and Protective Order (the "Agreement") to protect and preserve certain confidential, proprietary, and/or privileged information and documents that may be disclosed in this Action from use or disclosure outside of this Action. The provisions of this Agreement shall apply to testimony, documents, or information provided by a non-party in discovery proceedings who agrees to be bound by the terms of this Agreement or as may be agreed by the Parties or designated by a Party as set forth herein. Reference to a "Party" or the "Parties" herein shall also include such non-parties.

NOW THEREFORE, in consideration of the mutual covenants contained herein, the Parties agree that the following provisions shall govern the handling of confidential, proprietary, and/or privileged information, documents, and testimony in this Action.

1. <u>Covered Material.</u>  This Action concerns an insurance coverage dispute involving interpretation of several policy terms and these discovery proceedings will necessarily involve the production of certain information and/or documents that the disclosing Party believes to be privileged or confidential, sensitive and/or proprietary commercial, financial or business information (collectively, "Confidential Material"). This Agreement shall apply to all documents produced, all information disclosed, and all testimony provided by any Party to this Action in the course of discovery in this Action (including electronically stored information or "ESI") which constitute Confidential Material. Confidential Material shall not include any information or documents which are now or become in the future publicly available.

2. <u>Confidential Material.</u>  Confidential Material shall be designated as Confidential by conspicuously stamping or otherwise labeling any document, ESI or other tangible item produced with the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY AGREEMENT" or the legend "CONFIDENTIAL".

In the case of depositions and the information and testimony contained in depositions (including exhibits), a Party may designate such testimony, information and exhibits as Confidential Material on the record that it considers Confidential, or a Party may so designate such testimony or exhibit(s) by giving written notice to opposing counsel within thirty (30) days of receipt of the transcript.  The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Material: "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY AGREEMENT" or the legend

"CONFIDENTIAL" and each page of the transcript containing designated Confidential Material. ESI, to the extent produced in native or like format, may be designated as Confidential Material by specifically identifying such ESI as CONFIDENTIAL on the material itself, by including the terms "CONF" as a parenthetical suffix to the native file name (e.g., "ABC-000001 (CONF)" and describing such convention when producing documents.

3. <u>Use of Confidential Material.</u> All Confidential Material shall be used solely for the prosecution or defense of this Action. The Parties recognize and agree that this Agreement is not intended to prevent, nor shall it prevent, the good faith prosecution or defense of the Action by any Party in any manner whatsoever.

4. <u>Disclosure of Confidential Material.</u> Without limiting the generality of the foregoing paragraph, Confidential Material may be disclosed only in support of the prosecution or defense of this Action and only to the following persons:

a) the Parties, including all officers, directors, employees, agents and representatives (including in-house counsel) of the Parties;

b) outside counsel for any Party to this Action, including all secretaries, paralegals, and clerical personnel employed by outside counsel and all independent photocopying, document handling, or ESI vendors hired by a Party or outside counsel;

c) independent experts or consultants retained by a Party or its counsel for the purposes of assisting with the prosecution or defense of the Action, subject to the provisions of Paragraph 5 herein;

d) the Court in which this Action is pending, that Court's clerks and other staff, and any certified court reporter, stenographer, typist, or videographer who transcribes or records testimony in the Action or at a deposition;

e) persons or entities noticed for depositions and/or their counsel for the purposes of examination or to the extent reasonably and in good faith deemed necessary by counsel to prepare such deponents or witnesses to testify who have been advised of the need to keep the information confidential and agree to do so in writing in the form of the Acknowledgement and Consent to be Bound (the "Acknowledgement"), attached hereto as **Exhibit A**;

f) reinsurers, insurers, third-party auditors, insurance adjusters, and/or entities to whom a Party has any contractual obligations to provide information about this Action;

g) any government department or agency or other regulatory authority to the extent necessary to comply with the requirements of or obligations owing by a Party to said department, agency, or regulatory agency;

h) a Party's third-party claim handling agents, insurance adjusters and/or third-party administrators; and

i) any other person or entity agreed to by the Parties in writing.

5. <u>Terms of Disclosure for Experts and Consultants.</u> Before any Confidential Material is shown, disclosed, or otherwise communicated to any person referenced in Paragraph 4(c), such person shall be provided with a copy of this Agreement and such person shall execute the Acknowledgement. A copy of the Acknowledgement, as executed by such person, shall be maintained by counsel for the receiving Party and shall be available for inspection by counsel for the disclosing Party upon request and upon a showing of good cause.

6. <u>Filing of Confidential Material; Use of Confidential Material at Trial.</u> A Party may file and use without limitation Confidential Material in support of motions, briefs, or other papers filed in this Action, or in connection with any hearing or other proceeding before the Court, subject to the Parties' agreement to seek to impound, seal, or otherwise protect from public disclosure, to the extent possible and practical, any Confidential Material or by Motion or as allowed by the Court. Confidential Material used in support of motions, briefs, or other papers, or at a hearing or trial, shall not lose its confidential, proprietary, and/or privileged status as a result of such use. This Agreement shall apply to pre-trial proceedings only. If this Action proceeds to trial, the Parties shall meet and confer in good faith to determine a procedure for maintaining the confidential, proprietary, and/or privileged status of all Confidential Material disclosed during the course of this Action to the extent possible and shall seek necessary input

and/or authorization of the Court as may be necessary for protecting Confidential Material during and after trial.

7. <u>Copying and Abstracting Confidential Material.</u> Nothing in this Agreement shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Confidential Material for use in connection with this Action. Such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as the Confidential Material from which they were taken. Further, a qualified recipient may convert or translate such Confidential Material into machine-readable form for incorporation into a data retrieval system used in connection with this Action provided that access to such information, in whatever form stored or reproduced, shall be limited to the recipients identified in Paragraph 4 of this Agreement.

8. <u>Failure to Designate Confidential Material.</u> If a Party inadvertently or unintentionally produces a document containing Confidential Material without an appropriate Confidential stamp or label, it shall notify the other Party of the disclosure as soon as reasonably practical. To the extent necessary, the Party that made the inadvertent disclosure shall provide a replacement version with an appropriate stamp or legend, and the Party receiving the disclosure shall return or destroy all unmarked copies of the document. Upon written notification from a Party, the document shall be treated as Confidential Material.

9. <u>No Waiver of Privilege.</u> If any information subject to a claim of attorney-client privilege, work product protection, or any other legal privilege or protection protecting information from discovery is inadvertently produced to a Party in discovery in this Action, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection, or other privilege or ground for withholding

production to which a Party or other producing person otherwise may or would be entitled. If a claim of inadvertent production is made pursuant to this Paragraph 9, with respect to information then in the custody of another Party, such Party promptly shall return to counsel for the claiming Party all such material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material and shall delete such material from any litigation-support or other database, and shall not file or reference such material in any filings with the Court or disclose such material to any other person or entity. Nothing herein shall limit any rights any Party may have with respect to applicable privileges or work-product or other protection against disclosure.

10. <u>Maintenance of Confidential Material</u>. The receiving Party shall maintain Confidential Material in a secure, safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own confidential, proprietary, and/or privileged information.

11. <u>Termination of Action</u>. This Agreement shall survive the termination of this Action. Upon the termination of this Action, each Party and any recipient of Confidential Material shall return, destroy or maintain in accordance with Paragraph 10 of this Agreement any Confidential Material, consistent with any applicable document retention policies employed by the receiving Party or other requirements under law or otherwise. Notwithstanding anything contained in this paragraph, a receiving party of Confidential Materials shall have the right after termination of this lawsuit to destroy such Confidential Materials.

12. <u>Use of Parties' Own Confidential Material.</u> Nothing in this Agreement shall prevent a Party from using or disclosing its own Confidential Material as it deems appropriate,

including in any publicly available Court filings. This Agreement shall not apply to any Confidential Material used or disclosed by a Party in any publicly available court filings..

13. <u>Compulsory Process</u>. If a Party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other materials produced and designated as Confidential Material in this Action, such Party shall promptly notify the other Party so as to provide the other Party a reasonable opportunity to object to the production and/or protect its interests and provide notice to the requesting party of this Agreement and provide a copy thereof.

14. <u>No Prejudice</u>. Nothing in this Agreement shall prevent any Party from seeking, by written agreement of the Parties subject to Court approval or by Court Order, further, greater, or lesser protection with respect to the disclosure and/or use of any Confidential Material in connection with the Action.

15. <u>Objections Preserved</u>. Nothing in this Agreement constitutes a finding or admission that any of the Confidential Material covered hereby is in fact confidential, proprietary, and/or privileged, nor does any Party receiving such Confidential Material waive any right to later contest that any of the Confidential Material is not confidential, proprietary, and/or privileged. Nothing in this Agreement shall prevent any receiving Party from raising objections on any ground whatsoever to the admission or admissibility of any Confidential Material and/or information in proceedings before the Court or at trial.

16. <u>Amendment of this Agreement</u>. This Agreement may be amended only by written stipulation that has been approved by the Court and this provision may not be orally waived.

| | |
|---|---|
| Respectfully, Submitted, | Respectfully submitted, |
| THE CAVALLO CORPORATION | AMERICAN ZURICH INSURANCE COMPANY |
| By its Attorneys, | By its Attorneys, |
| */s/Mark O'Connor* | */s/Scarlett M. Rajbanshi* |
| Mark C. O'Connor      BBO #377118<br>Nathaniel C. Donoghue  BBO# 694274<br>Rich May, P.C.<br>176 Federal Street<br>Boston, MA 02110<br>617-556-3800<br>moconnor@richmaylaw.com<br>ndonoghue@richmaylaw.com | Allen N. David, BBO#11500<br>Scarlett M. Rajbanshi, BBO#666103<br>Lincoln A. Rose, BBO#691797<br>Peabody & Arnold LLP<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210<br>(617) 951-2100<br>adavid@peabodyarnold.com<br>srajbanshi@peabodyarnold.com<br>lrose@peabodyarnold.com |

Dated: October 11, 2019

It is SO ORDERED.

/s/ George A. O'Toole Jr.
Senior United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND
## CONSENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Agreement and Protective Order for Confidentiality of Information (the "Agreement") by and between The Cavallo Corporation and American Zurich Insurance Company, a copy of which is attached hereto, understands the terms thereof, and agrees to be bound thereby. The undersigned understands that the terms of the Agreement obligate him/her to use and disclose Confidential Material only in accordance with the Agreement. The undersigned represents that he/she/it received Confidential Material from _____ on _____ [insert date].

Dated this \_\_\_\_ day of _____, 2019.

_____
Name

_____
Print Name

_____
Affiliation

Business Address:

_____

_____

E-mail: _____